E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MAX A. SHAPIRO (Cal. Bar No. 334929)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7419
    Facsimile: (213) 894-0141
    E-mail: max.shapiro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR VALENTIN FELIX OSUNA,<br><br>Defendant. | No. 2:24-cr-00243-SB<br><br>GOVERNMENT COUNSEL'S DECLARATION RE: COURT'S ORDER |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Max A. Shapiro, respectfully submits the government's declaration in response to the Court's January 7, 2025 Order.

    This filing is based upon the files and records in this case, any such further evidence and argument as the Court may permit, as well as the following procedural background regarding the related criminal cases:

    On May 23, 2018, after pleading guilty to a violation of 21 U.S.C. § 841(a)(1) (Possession of Methamphetamine with Intent to Distribute), defendant Edgar Valentin Felix Osuna ("defendant") was sentenced in the District of Utah to a five-year term of probation. (See No. 2:17-cr-00534-RJS, Dkt. 37 (D. Utah).) One of the conditions of

his probation was that, if deported, defendant "shall not illegally reenter the United States." (Id.)

On January 24, 2023, the District Court in the District of Utah issued a warrant due to defendant's illegally reentering the United States on or about December 2022. (See Violation Report (September 30, 2024), p. 1.)

On August 29, 2023, defendant was charged by complaint in the Central District of California with a drug-related offense. (See No. 2:23-cr-00442-SB, ("Criminal Case") Dkt. 1.) The case was indicted and assigned to this Court, the Honorable Stanley Blumenfeld, Jr., for subsequent proceedings.[1] Defendant pleaded guilty on March 19, 2024, to violating 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi), (viii): Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl and Methamphetamine. (Criminal Case, Dkt. 32.)

While the Criminal Case was pending, on April 10, 2024, the Honorable Dolly M. Gee, Chief Judge for the Central District of California, accepted transfer of jurisdiction of defendant's supervision from the District of Utah, and supervision was re-assigned to this Court for all further proceedings. (No. 2:24-CR-243-SB ("Supervision Case"), Dkt. 1, 3.)

On October 1, 2024, the Court sentenced defendant to the custody of the Bureau of Prisons for a term of 70 months in the Criminal Case. (Criminal Case, Dkt. 57.) Following sentencing, the United States Marshals Service ("USMS") transported defendant to Federal Correctional Institution, Terminal Island.

On October 2, 2024, the Clerk's Office for the Central District of California docketed a Request for Calendar Date from the United States Pretrial and Probation Office ("USPPO"). (Supervision Case, Dkt. 6, noting request filed 10/1/2024 and entered into CM/ECF on 10/2/2024.) The petition itself, which is dated September 30,

---

[1] The AUSA that charged the Criminal Case filed a Notice of Related Case regarding a different matter that had previously been assigned to the Honorable Stanley Blumenfeld, Jr. (Criminal Case, Dkt. 16.)

2

2024, alleged that defendant violated the terms of his supervision based on his conviction in the Criminal Case and his failure to report to the Probation Officer after reentering the country.  (Dkt. 9.)  The Clerk's Office calendared the hearing for November 19, 2024.  (Id.)

Dated: January 17, 2025

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


 /s/
MAX A. SHAPIRO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# DECLARATION OF MAX A. SHAPIRO

I, Max A. Shapiro, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the Central District of California. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. On October 3, 2024, I was assigned to represent the government in connection with a supervised release violation in United States v. Edgar Valentin Felix-Osuna, 2:24-CR-243-SB (the "Supervision Case"). I filed my Notice of Appearance on the docket the same day. (Dkt. 10.)

3. I was not assigned to the criminal case of United States v. Felix-Osuna, 2:23-cr-00442-SB (the "Criminal Case"); however, I became familiar with the docket in that case as a result of the Supervision Case.

4. As set forth on the docket and explained in my Declaration dated December 4, 2024, (Dkt. 17), the revocation hearing in the instant case was initially held on November 19, 2025, and then continued until January 7, 2025.

5. During the revocation hearing held on January 7, 2025, the Court ordered government counsel to submit a declaration explaining any policies that the United States Attorney's Office ("USAO") has relating to the handling of sentencing proceedings in cases where the defendant has a pending supervised-release or probation violation petition before the same Court.

6. In response to the Court's Order, I took the following steps to research the issue raised by the Court:

    a. Following the hearing, I spoke with the assigned United States Probation Officer who confirmed that it is the practice of the United States Pretrial and Probation Office ("USPPO") to prepare a violation petition upon being made aware of a violation. This should have happened (1) after supervision was transferred to this District in April 2024 for the failure to report violation, or (2) upon the date of

4

indictment for committing a new crime, which here would have been on September 6, 2023. The Officer I spoke with confirmed that their typical practice did not happen here. The Officer indicated he should have filed a violation petition upon being assigned supervision when it was transferred from the District of Utah in April 2024.

   b. The same day, I also spoke with my immediate supervisor, who advised that I meet with other section and division leadership regarding the issue before filing my declaration.

   c. I have also conferred with the Chief of Ethics and Post-Conviction Review, Kathy Yu, and the Chief of General Crimes, Frances S. Lewis.

  7. Based on my review of USAO policies and a discussion with USAO leadership, it is my understanding there is no explicit USAO policy specifically addressing the timing of sentencing cases in which there is a parallel criminal matter and a potential supervised release violation for the same conduct. There are also no explicit USAO policies addressing how to resolve the sentencing of a defendant when there may be pending or forthcoming supervised-release or probation violations.

  8. The Department of Justice has general policies about coordinating parallel proceedings, including those set forth in Justice Manual 1-12.000, "Coordination of Parallel Criminal, Civil, Regulatory, and Administrative Proceedings," *available online at* https://www.justice.gov/jm/jm-1-12000-coordination-parallel-criminal-civil-regulatory-and-administrative-proceedings. The policy does not specifically address supervised release proceedings.

  9. In speaking with USAO leadership, the recommended approach where a charged and pending criminal case may overlap with a filed and pending supervised release violation is to make a determination on a case-by-case basis whether the ends of justice support handling the proceedings concurrently or consecutively. This approach takes into account multiple factors, including but not limited to: (1) the extent to which the issues in the two cases overlap (*e.g.*, whether the petition includes allegations other

5

than those contained in the underlying indictment); (2) the preference of the Court, or where the proceedings are assigned to different judicial officers, the Courts (*e.g.*, if a Court prefers to wait for the underlying criminal case to resolve before addressing the same conduct in a supervised release hearing, the practice is to defer to the Court); (3) the preference of the assigned USPPO officer, defense counsel, and the defendant; (4) the rights of the parties, including whether those rights necessitate moving at different speeds in the parallel proceedings; (5) the efficient use of government and court resources.  Where a petition alleging a supervised release violation has not yet been served on the USAO during the pendency of the criminal case, as was the case here, the typical approach is to defer to the USPPO on the timing of filing such a petition and to address the petition when it is filed and served.

   10. Based on all of the different variables, AUSAs may, but are not required to, pursue global resolution of all pending matters involving the same defendant.  They also may, but are not required to conduct proceedings in parallel, rather than waiting for the conclusion of the criminal case before advancing the proceedings in the supervised release case.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California, on January 17, 2025.

                  */s/ Max Shapiro*

                  MAX A. SHAPIRO